IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREDERICK B.,[1]

    Claimant,

v.

KILOLO KIJAKAZI,[2]
Acting Commissioner of Social Security,

    Respondent.

No. 20 C 2371

Magistrate Judge Jeffrey T. Gilbert

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Fredrick B.'s ("Claimant") Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 35]. The Acting Commissioner of Social Security ("Commissioner") opposes Claimant's Motion, in part. [ECF No. 38]. For the following reasons, Claimant's Motion is granted, and Claimant's counsel is awarded $ 8,305.37 in attorney fees and costs.

**I. Background and Procedural History**

Claimant filed his applications for disability insurance benefits and supplemental security income on March 2, 2011, alleging a disability onset date of

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his first name and the first initial of the last name.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

December 6, 2010. His claims were denied initially, and again upon reconsideration. After an administrative hearing, Administrative Law Judge ("ALJ") Melissa Olivero issued an opinion on September 21, 2012, finding Claimant was not disabled. Claimant then filed a civil action in the district court, and on October 28, 2015, the court reversed the Commissioner's decision and remanded the case for further administrative proceedings. *See Barr v. Colvin*, 2015 WL 6530666 (N.D. Ill. Oct. 28, 2015). ALJ William Spalo held a hearing on April 18, 2016, and Claimant's applications for disability insurance benefits and supplemental security income were denied again on May 3, 2016.

On January 17, 2018, Claimant filed a statement of exceptions, and the Appeals Council remanded the claims to the ALJ for further evaluation. Following the Appeals Council's remand, ALJ Spalo held another hearing on July 23, 2018, and issued a decision on August 7, 2018. ALJ Spalo concluded that Claimant had become disabled on October 19, 2016, but he was not disabled prior to that date. Following another timely statement of exceptions, the Appeals Council declined to assume jurisdiction by notice dated February 22, 2020, thereby causing the opinion issued by ALJ Spalo on August 7, 2018 to become the final decision of the Commissioner.

Claimant timely filed this action for judicial review on April 17, 2020, seeking reversal of the Commissioner's decision and remand for further administrative proceedings. [ECF No. 1]. Claimant filed a Memorandum in Support of Summary Remand on October 23, 2020. [ECF No. 26]. The parties then filed an Agreed Motion for Reversal with Remand for Further Administrative Proceedings on February 2,

2

2021, which this Court granted on the same date. [ECF Nos. 31, 33]. Claimant now seeks $8,305.37 in attorney fees and costs pursuant to the EAJA.

## II. Analysis

Under the EAJA, a court may award reasonable attorney fees and costs if: (1) the claimant was a prevailing party; (2) the Commissioner's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the claimant files a complete and timely application. 28 U.S.C. § 2412(d)(1)(A)-(B); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner does not dispute that Claimant was the prevailing party, that he filed a timely application, that no special circumstances exist that would make an award unjust, or that the Commissioner's position was not substantially justified. At issue here is solely whether the fee award Claimant seeks is reasonable.

The Commissioner takes issue with three aspects of Claimant's requested fee award. First, the Commissioner argues that the hourly attorney rate requested by Claimant is unreasonable because Claimant used the national Consumer Price Index ("CPI") rather than the Chicago regional CPI. According to the Commissioner, the EAJA award should be calculated using the regional CPI, which would result in a slightly lower hourly rate. Second, the Commissioner argues that Claimant's counsel should have used one-tenth billing increments instead of quarter-hour increments. Third, the Commissioner argues that Claimant forfeited his argument that the hourly rate for counsel's paralegal should be $100. The Court is not persuaded by any of the Commissioner's arguments.

Under the EAJA, an award of attorney fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A)(ii). Congress set the current $125 maximum hourly rate under the EAJA in 1996, but in more recent years, the Seventh Circuit determined that "given the passage of time since the establishment of the [$125] hourly rate, a cost-of-living adjustment is warranted." *Trump v. Colvin*, 2015 WL 970111, at *2 (N.D. Ill. Mar. 2, 2015) (citing *Tchemkow v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)). The Seventh Circuit has since clarified the appropriate measure for calculating the cost-of-living adjustment for EAJA petitions. In *Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015), the Seventh Circuit determined that the CPI is sufficient "proof of an increase in the cost of living" and the court "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Trump*, 2015 WL 970111, at *2 (citing *Sprinkle*, 777 F.3d at 423).

The Seventh Circuit's holding in *Sprinkle*, however, does not create an automatic entitlement to a fee enhancement. In order to justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle*, 777 F.3d at 428. Moreover, "courts may not award claimants inflation-adjusted rates that are higher than prevailing market rates." *Trump*, 2015 WL 970111, at *3; *see also Sprinkle*, 777 F.3d at 429 (holding

4

that "to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services"). The Seventh Circuit has left it to the discretion of the district courts whether to use the national or the regional CPI when calculating the inflation-adjusted hourly rate. *Sprinkle*, 777 F.3d at n.2. ("We ... leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). Since then, district courts in the Seventh Circuit have continued to calculate the enhanced rate using both the national and regional CPI, and no uniform consensus has been reached on the issue. *Compare Vasquez v. Colvin*, 2016 WL 687900, at *2 (N.D. Ill. Feb. 19, 2016), *with Fox v. Colvin*, 2016 WL 5402751, at *2 (N.D. Ill. Sept. 26, 2016).

In previous cases, this Court has analyzed the CPI issue and recently decided to use the national CPI measure. *See e.g., Perez on behalf of Velez v. Berryhill*, 2018 WL 752316, at *2 (N.D. Ill. Feb. 7, 2018) *Cummings v. Berryhill*, 2017 WL 926766, at *3 (N.D. Ill. Mar. 8, 2017); *Rodriguez v. Colvin*, 2013 WL 5221335, at *2-3 (N.D. Ill. Sept. 16, 2013). Other district courts in this circuit have done the same.[3] Often,

---

[3] *See e.g., Laurel C. v. Saul*, 2020 WL 5569830, at *2 (N.D. Ill. Sept. 17, 2020) (using the national CPI because it "results in a fee award more in line with the prevailing market rate"); *Linda W. v. Saul*, 2020 WL 1487281, at *2 n.1 (C.D. Ill. Jan. 22, 2020) (noting "some confusion in the case law over whether courts should use a regional CPI or the national CPI," but using the national CPI as proposed by the plaintiff); *Mark L. v. Berryhill*, 2019 WL 7500520, at *2 n.1 (C.D. Ill. June 5, 2019) (using national CPI as requested by the plaintiff and the motion for fees was unopposed); *Spraggins v. Berryhill*, 2018 WL 661553, at *2 (N.D. Ill. Feb. 1, 2018) (using national CPI when "the plaintiff's counsel provided adequate support for their fee calculation in the form of itemized statements of time expended on the case, as well as several affidavits from other attorneys verifying that the quoted hourly rate is a reasonable one for social security work, as it is below the market rate for social security work."); *Abhsie v. Berryhill*, 2017 WL 4804741, at *1 n.2 (N.D. Ill. Oct. 25, 2017) ("Because the government does not contend that the regional rate should apply here, the court uses the national CPI as

courts that adopt a national CPI measure do so in significant part because a national measure results in a fee award that "is more in line with the prevailing market rate." *Seefeldt v. Colvin*, 2016 WL 5793683, at *2 (E.D. Wis. Sept. 30, 2016); *see also Fox*, 2016 WL 5402751, at *3 ("Moreover, plaintiff's argument that we should use the index that results in an hourly rate that comes closest to approximating the prevailing market rate is not an unreasonable one."). The Court finds this rationale persuasive, and the Court is not convinced by the Commissioner's argument that using the regional CPI is a better approach in this district located in one of the largest metropolitan legal markets in the country.

Next, the Commissioner argues that Claimant's counsel should have used one-tenth billing increments instead of quarter-hour increments. The Court is not persuaded by the Commissioner's argument in this respect either. The Commissioner contends that Claimant's uniform use of one-quarter hour billing increments is

---

proposed by [the plaintiff]."); *Banks v. Comm'r of Soc. Sec.*, 2017 WL 3634300, at *4 (N.D. Ind. Aug. 23, 2017) (regardless of whether the national or regional CPI is used, the rate the plaintiff seeks is consistent with other comparable cases, and there's a "relatively small" difference between the national and regional CPI rates in any event); *Williams v. Berryhill*, 2017 WL 1355876, at *2 (N.D. Ill. Apr. 13, 2017) (using the national CPI and holding that "given the minuscule difference in the rates and the strength of plaintiff's evidence in support of a CPI adjustment, the Court opts for the higher hourly rate of $192.68 (for 2016)"); *Fox v. Colvin*, 2016 WL 5402751, at *3 (N.D. Ill. Sept. 26, 2016) (recognizing that "plaintiff's argument that we should use the index that results in an hourly rate that comes closest to approximating the prevailing market rate is not an unreasonable one. . . . Defendant has not cited any cases in which courts chose the regional over the national CPI in calculating the hourly rate in a contested EAJA fee matter, and has offered no evidence that the hourly rate sought in this case is out of line with the hourly rates awarded in other cases."); *Monk v. Colvin*, 2016 WL 4445659, at *3 (N.D. Ind. Aug. 23, 2016) (finding "the rate derived from the national index is closer to the rates detailed in other supporting evidence submitted by [the plaintiff]," including affidavits, and "comparable to the hourly rates recently approved by other courts in this district"); *Cobb v. Colvin*, 2013 WL 1787494, at *2 (N.D. Ill. Apr. 25, 2013) ("This court agrees that [the plaintiff] may use the national CPI to show that the cost of living in this region has indeed increased to the degree of the requested adjustment.").

6

unreasonable because some of the tasks for which that increment of time was billed should have taken only a few minutes. The Commissioner identified 24 quarter-hour billing entries for Claimant's attorney and four paralegal entries and says some of these entries likely are "exaggerated" while acknowledging that others likely are not. *See* Commissioner's Resp. Brief [ECF No. 38], at 6, fn.6. For that reason, the Commissioner says Claimant has not met his burden to show that a quarter-hour minimum billing rate is reasonable. In the Court's view, however, Claimant has met his threshold burden and the Commissioner has not shown otherwise with a generalized argument that billing at a quarter-hour for the work actually performed (as documented in those entries) is unreasonable and/or excessive. The Commissioner suggests that all those entries should be reduced across the board without any specific reasons why that should be done. The Court has reviewed the entries in question and cannot say that the time billed for each is unreasonable *per se* for an experienced lawyer or paralegal.

The only case cited by Commissioner to support its argument, *Schulten v. Astrue*, 2010 WL 2135474 (N.D. Ill. May 28, 2010), actually granted the plaintiff's request for an attorney fees award based on quarter-hour increments. *Id.* at *5. Specifically, the district court noted that requiring a "reduction of charges merely because they were billed in quarter hour segments of time rather than one-tenth of an hour . . . . would make the inquiry turn solely on the way in which the time is recorded, rather than whether the time spent was excessive, unnecessary or redundant. And that, in turn, would be contrary to the text of the EAJA." *Id.* at *3.

7

This Court agrees with that approach. The Commissioner has not offered any specific argument or evidence as to why the quarter-hour increments used by counsel here result in "excessive, unnecessary, or redundant" billing, and the Court is not persuaded by the Commissioner's high level, generalized argument to that effect. Therefore, the Court declines to reduce Claimant's quarter-hour billing entries to one-tenth hour entries.

The Commissioner's last challenge to the fee request is that Claimant forfeited his argument that the hourly rate of counsel's paralegal should be $100. The Court again disagrees with the Commissioner. The Commissioner relies on two cases from over 15 years ago to argue for a $25 to $50 per hour paralegal rate. *See* Commissioner's Resp. [ECF No. 38], at 5. In response, Claimant argues that district courts recently have held that $100 per hour is a reasonable rate for paralegal work in this circuit. *See, e.g., Wilson v. Saul*, 2020 WL 6905531 (S.D. Ind. Nov. 24, 2020), *Kevin H. v. Saul*, 2020 WL 5893969, at *2 (S.D. Ind. Oct. 2, 2020). Indeed, "several recent decisions in this district have approved hourly rates ranging from $125 to $210 for paralegals." *Herrera v. Grand Sports Arena, LLC*, 2018 WL 6511155, at *3 (N.D. Ill. Dec. 11, 2018).

The issue here is whether the requested hourly paralegal rate is reasonable and in line with the prevailing market rate. Recent cases confirm that a $100 hourly rate for paralegal work is reasonable in this market. These cases, along with the affidavits submitted by Claimant's attorneys and their paralegal, show that the $100 per hour rate requested is reasonable, and the Commissioner has offered little by way

8

of evidence to support its claim that an experienced paralegal should only merit a billing rate of $25 to $50 per hour.

The Court also disagrees with the Commissioner that Claimant forfeited any argument that the prevailing market rate for counsel's paralegal is $100. Claimant's threshold showing was sufficient here. In addition, in previous cases before this Court, the Commissioner did not challenge a $95 hourly rate for paralegal work. *See Perez*, 2018 WL 752316 (approving a $95 hourly rate for paralegal work that was not challenged by the Commissioner); *Cummings*, 2017 WL 926766 (same). Therefore, the Court will approve the $100 hourly rate for the paralegal worked performed in this case.

Finally, Claimant's attorneys represent that they expended 6.75 additional hours reading the Commissioner's response brief and researching and drafting their reply, and therefore, Claimant requests an additional $1,425.26, for a total of $8,305.37 in fees. Claimant states that this amount was reached by multiplying 6.75 hours by $211.15, the adjusted EAJA hourly rate from February 2021. *See* [ECF No. 36-2] (Claimant's fee calculation). Claimant also states that counsel used the February 2021 adjusted rate instead of calculating a new rate for June 2021 in an effort to reduce the cost of preparing the reply. The Court finds Claimant's request for reimbursement of the time spent on the reply brief is reasonable. Accordingly, the Court will award the additional hours requested.

9

### III. Conclusion

For the reasons discussed above, Claimant's Motion for Attorney Fees Under the Equal Access to Justice Act [ECF No. 35] is granted, and Claimant's counsel is awarded $ 8,305.37 in attorney fees and costs.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 10, 2021